# WESTMORELAND COUNTY.

## October Term, 1791.

### Leffee of GEORGE LATTIMORE *v.* WM. MARTIN.

THIS cafe had been referred by rule of court to five   1791. perfons, on whofe report, or that of a majority, judgment was to be entered. The report now offered fhewed, that four of the referees, and both parties, met at the time and place agreed on, and that the parties then agreed to fubftitute another in the room of the abfent referee named in the rule. This agreement was then put in writing at the foot of the copy of the rule, figned by the parties, and now produced. The report was figned by all the referees who heard the cafe ; by the four prefent of the referees named in the rule, and the referee fubftituted in room of the abfent one.

*Woods* for defendant, moved to fet afide the report, on the ground that not having been made by thofe only, to whom it was referred, by rule of court, but by four of them and another, whofe opinion might have influenced the opinions of the four ; it did not purfue the fubmiffion, and fo could not be fupported.

*Rofs* for plaintiff. The confent of the parties takes *Dall.* 314. away error, is in writing, and will be part of the record. 2 *Burr.* 7011 The number of arbitrators is fufficient without the 2 *Bac.* 225. name fubftituted. This is not an award by act of affembly but at common law.

PRESIDENT. It is not alledged, that the abfent referee had not notice, nor that there was any fraud or mifbehaviour in the parties or referees ; neither is this a motion for an attachment for non-performance, but to fet afide an award, in which all is fair on both fides ; nor have the arbitrators exceeded their power, or not purfued the fubmiffion ; for the fubmiffion and their power is from the act of the parties, not of the court. The material point in all thefe cafes feems to be the confent of the parties. The rule of court feems to be rather matter of form, to fecure a fair and effectual execution of the agreement of the parties. The confent to fubfti-

1791.

tute the referee, in room of the one abfent is in writing, annexed to the copy of the rule, in the prefence of the referees, who were both judges and jury; is recited in the report, and will appear on the record. There is a majority without the abfent referee, and (he having notice) that is enough. The award would be good if the new name were not there. Shall its being there *by the consent of the parties* make it bad. This consent ought to be conftrued as inferted in the rule; for, in equity, that is confidered as done, which ought to have been done. What would have been the defendant's anfwer, if this queftion had been made at the time? The defendant ought not to be permitted to miflead the plaintiff, by a reference, and now take advantage of his own deceit; and, having had one chance, at pleafure lay it afide, when he finds it againft him, to recur to another.

*Church v. Roper,* 1 *Rep. Cha.* 140.

NOTE.—In an arbitration, the award was, that a leafe fhould be furrendered, and, (with confent of the parties) that certain *other* perfons fhould fettle the value of the improvements; the plaintiff, having furrendered the leafe, brought his bill for the value of the improvements, afcertained by the other perfons. And, though it was objected, that this was extra-judicial, the court of chancery decreed performance; confidering this as part of the principal award, which the other party had executed. The court of

*Owen v. Hurd* 2 *T. Rep.* 643.—*See* 3 *T. Rep.* 592

King's Bench refufed an attachment for non-performance of an award made by an arbitrator fubftituted by the real parties (though not the parties on the record) inftead of the arbitrator named in the rule. But in the cafe of leffee of *Lattimore* v. *Martin,* no application for an attachment or judgment on the report was made; for Mr. *Woods* having made fome objection on the merits, and a miftake of the referees; it was agreed to refer it back to the fame perfons, who had made the report.